UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SHANNON DAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00068-TWP-DML |
| | ) | |
| JUSTIN NOBBLIT, | ) | |
| MIKE FEECE, | ) | |
| INDIANA PAROLE BOARD, | ) | |
| PARKS Release Coordinator from Plainfield | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Leave to Proceed *In Forma Pauperis*,**
**Screening and Dismissing Complaint,**
**and Directing Plaintiff to Show Cause**

Plaintiff Shannon Daily is presently a prisoner in the Jackson County Jail in Indiana. He

filed this lawsuit on April 12, 2019, seeking damages for eighty days of imprisonment when his

parole was revoked. The Court makes the following rulings.

**I. Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff Shannon Dailey's motion for leave to proceed *in forma pauperis*, dkt. [2], is

**granted**. Pursuant to 28 U.S.C. § 1915(b)(1)(A), an initial partial filing fee of seventeen dollars

and thirty-three cents ($17.33) is assessed and shall be paid to the clerk of the district court no later

than **May 17, 2019**.

Although Mr. Dailey is excused from *pre*-paying the full filing fee, he still must pay the

three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28

U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay

the full amount of a filing fee.").

## II. Screening of the Complaint

Because Mr. Dailey is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on defendants. Pursuant to Section 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Dailey are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

## III. The Complaint

Mr. Dailey was an inmate of the Indiana Department of Correction until 2017 when he was released on parole. He violated conditions of his parole, was arrested, and spent a number of days in jail before he was released back to parole. Mr. Dailey again violated his parole, was arrested, and spent several more days in jail before again being released back to parole. He discharged his parole on November 2, 2018.

Mr. Dailey now seeks damages for the eighty days of imprisonment he served on the parole violations because he should never have been on parole. He contends that his original sentence imposed probation, not parole. Mr. Dailey also challenges a parole officer's authority to issue

warrants for parole violations. What Mr. Dailey does not plead, however, is whether his parole has been found to be unlawful. This failure is dispositive to this lawsuit.

## IV. Discussion

Mr. Dailey seeks damages for being imprisoned for eighty days, a remedy that would necessarily require a finding that the imprisonment was unlawful. Such a finding would call into question the validity of his criminal sentence.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

The Seventh Circuit has made this point clear. When a plaintiff seeks damages for a wrongful incarceration and "makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016) (quoting *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Any facts Mr. Dailey could allege to prove his allegations would call into question the revocation of his parole, his subsequent imprisonment, and indeed, according to his complaint whether he should have been on parole in the first place. Without any allegation that his parole revocation was overturned prior to filing this action, or a finding that he should not have been on parole, Mr. Dailey's complaint is barred by *Heck*.

Accordingly, Mr. Dailey's complaint is **dismissed**.

## V. Opportunity to Show Cause

If Mr. Dailey believes the Court has overlooked a claim and/or defendant, or erred in its screening of the complaint, he shall have through **May 17, 2019**, in which to notify the Court of those omissions or to file an amended complaint that cures the complaint deficiencies discussed in this Order. The failure to file a response to this Order or file an amended complaint by **May 17, 2019**, will result in the entry of final judgment and this action will be closed without further notice.

## VI. Obligation to Update Address

Mr. Dailey shall keep the Court informed of his current mailing address during the pendency of this case. Any changes of address must be reported, in writing, to the clerk as soon as practical after the change but in no event more than thirty days later. The failure to keep the clerk informed of a current address could result in the dismissal of this action for failure to prosecute or failure to follow a court order.

**IT IS SO ORDERED**.

Date: 4/19/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Shannon Dailey
Jackson County Jail
150 E. St. Rd. 250
Brownstown, IN 47220